UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:21-cr-00145-ADA-BAM-1 |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S REQUEST TO SEAL |
| BRIANA BALLARD-CALL, | |
| Defendant. | (ECF No. 44) |

Before the Court is the request of Plaintiff United States of America to file under seal exhibits in support of its restitution brief. (ECF No. 44.) Upon review of the restitution briefs and exhibits in support, the Court denies the request for the reasons stated below.

**I.  Background**

On September 22, 2023, the Court continued the restitution hearing in this case to allow third party RJ[1] and Plaintiff to brief whether RJ was entitled to restitution. (ECF No. 41.) RJ filed its restitution brief on October 13, 2023. (ECF No. 42.) On October 27, 2023, Plaintiff filed its reply brief and a notice of request to seal exhibits in support of its restitution brief. (ECF Nos. 43, 44.) Plaintiff submitted to the Court by email the notice, request to seal motion, and exhibits that

---

[1] RJ is an attorney and law firm. (ECF No. 42 at 2.) RJ (and its insurers) made a payment to victims CS and BB pursuant to a confidential settlement. (*Id.*)

1

it requests to seal. Plaintiff seeks to seal the following exhibits in support of its restitution brief: (1) victim letter by CS, (2) petition by CS against RJ filed in the Superior Court of California, County of Los Angeles, (3) petition by CS against three banks filed in the Superior Court of California, County of Los Angeles, and (4) confidential settlement. Plaintiff argues that sealing the exhibits is proper to protect and preserve the privacy of the victims in this criminal proceeding. (Request to Seal Government's Exhibits in Support of its Restitution Brief at 1.)

## II.    Legal Standard

"[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This "federal common law right of access" to court documents generally extends to "all information filed with the court." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). The federal common law right of access "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Id*. (citations and quotation marks omitted).

In deciding whether sufficient countervailing interests exist, the Court looks to the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. *Id*. at 1213. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (internal citation omitted). Local Rule 141(b) requires the proponent of a sealing request to "describe generally the documents sought to be sealed" and "set forth the statutory or other authority for sealing." E.D. Cal. R. 141(b).

## III.    Discussion

Plaintiff seeks to seal four exhibits attached to its restitution brief. Plaintiff argues sealing is necessary to "protect and preserve the privacy of the victims in the criminal proceedings." (Request to Seal Government's Exhibits in Support of its Restitution Brief at 2.) However, Plaintiff has not provided a sufficient basis for sealing all four exhibits nor has it explained why redaction,

rather than sealing, would not be sufficient to protect the privacy of the victims in this case.

There are parallel proceedings involving Defendant Briana Ballard-Call's actions in Los Angeles County Superior Court ("Probate Proceedings"). The Probate Proceedings and CS's petitions against RJ and three banks are, therefore, already matters of public record. The victim letter by CS contains allegations set forth in the Probate Proceedings and petitions against RJ and the banks. Plaintiff has not explained why sealing information already available to the public is necessary nor why redaction of the victims' names (or other identifying information) would be insufficient to protect the privacy of the victims. Therefore, the Court declines to seal exhibits 1, 2, and 3 to Plaintiff's restitution brief.

Plaintiff also seeks to seal the confidential settlement between CS and BB, on one side, and RJ and the banks, on the other side. There is a substantial public interest in maintaining the confidentiality of settlements. *Brantley v. Boyd*, No. 07-cv-06139 NC, 2013 WL 1786585, at *2 (N.D. Cal. Apr. 25, 2013) (internal citation omitted). "However, the parties' preference that their settlement remain confidential does not outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process and significant public events." *Sever v. Icon Aircraft, Inc.*, No. 18-cv-00584-HSG, 2019 WL 343469, at *3 (N.D. Cal. Jan. 28, 2019) (internal citations and quotation marks omitted); *see also Topiwala v. Wessell*, No. WDQ-11-0543, 2014 WL 2574504, at *3 (D. Md. June 5, 2014) ("[A] "generalized interest in confidential settlements—without more—is insufficient to rebut the common law presumption of public access."). Plaintiff has not expressed anything more than a generalized interest in protecting the confidentiality of the settlement. Nor has it demonstrated why redaction, rather than sealing, would be insufficient to address its concerns. RJ seeks to receive a portion of the restitution, and the settlement of CS's petition against RJ is relevant to the amount of restitution, if any, RJ may receive. Plaintiff has not explained why the public should not have access to information that may influence the Court's decision. Therefore, the Court declines to seal exhibit 4 in its entirety.

**IV.    Conclusion**

For the reasons stated above, it is hereby ordered that:

1. The request to seal, (ECF No. 44), is denied without prejudice;
2. Plaintiff may proceed by filing a new request to seal that either (1) explains why sealing each exhibit in full is necessary, or (2) suggests redactions that are sufficient to balance the victim's privacy interests with the public's right to access restitution filings.

IT IS SO ORDERED.

Dated: November 6, 2023

_____
UNITED STATES DISTRICT JUDGE