UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIANA BALLARD-CALL,<br><br>Defendant. | No. 1:21-cr-00145-ADA-BAM<br><br>ORDER DENYING RJ'S NON-PARTY RESTITUTION REQUEST<br><br>(ECF No. 42) |

On November 13, 2023, this matter came before the Court for a hearing to determine the allocation of restitution to be paid by Defendant Briana Ballard-Call. Having heard the arguments of the parties and considered the briefing, the Court hereby denies RJ's request to receive $400,000 as a substitute payee and $50,000 for attorneys' fees.

**I.  Procedural Background**

On April 17, 2023, Defendant pleaded guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344.  (ECF No. 27.)  Pursuant to her plea agreement, Defendant agreed to pay restitution in the amount $666,133.34.  (ECF No. 24 at 2-3.)  The amount of restitution is not disputed by Defendant, the United States, or RJ.  On September 5, 2023, the Court sentenced Defendant to forty-one months incarceration with sixty months of supervised release to follow and set a restitution hearing for September 25, 2023.  (ECF No. 36.)

///

The United States filed a stipulation, joined by RJ, to continue the restitution hearing to November 13, 2023 to allow the United States and RJ to brief the issue of whether RJ was entitled to receive restitution. (ECF No. 40.) On October 13, 2023, RJ filed its restitution brief requesting to be named as a substitute payee because it paid victims CS and BB $400,000 pursuant to a settlement agreement as well as $50,000 for attorneys' fees it incurred to defend itself against the claims of CS and BB. (ECF No. 42 at 2.) On October 27, 2023, the United States filed its opposition.[1] (ECF No. 46.) Defendant joined the United States' opposition to the payment of the non-party claims by RJ and had no objection to the restitution amount of $666,108.20. (ECF No. 49 at 2-3.) The Court held a hearing on the matter on November 13, 2023, after which it took the matter under submission. (ECF No. 50.)

## II.     Factual Background

Defendant was appointed as a special administrator by the Superior Court of California, and she hired RJ, an attorney and law firm, to represent her in her capacity as the estate administrator. (ECF No. 43 at 1-2.) In 2018, Defendant defrauded three banks to obtain funds that were ordered to be in blocked accounts and which were to be distributed to BB and attorneys for CS. (ECF No. 24 at 12.) Defendant's plea agreement indicates that she caused an actual loss of $666,133.34.

In 2019 and 2020, CS filed petitions in the estate proceedings pending before the Los Angeles Superior Court ("Probate Proceedings") against RJ and the banks. (*See* ECF No. 48 at 6-47.) The petition against RJ was for conversion, return of property and for enhanced remedies, breach of contract, breach of fiduciary duties and for enhanced remedies, and for professional negligence. (*Id.* at 6.) CS also filed a petition against the banks for the return of property to the estate, payment on altered or forged court orders, conversion, and negligence. (*Id.* at 42-45.) In their petitions, CS and BB sought compensatory and consequential damages, prejudgment interest, damages that were twice the amount taken, and attorneys' fees. (*Id.* at 30-31, 47.)

///

---

[1] Fresno First Bank also sent a request to the United States seeking to be a substitute payee and requesting $45,000 for a settlement and $30,337.88 for legal fees. (*See* ECF No. 43 at 2.) The Court did not receive briefing from Fresno First Bank regarding its request.

On or about May 21, 2021, CS, BB, RJ, and the banks entered into a confidential settlement to settle the claims of CS and BB against RJ and the banks. (*Id.* at 49-58.) As part of the confidential settlement, RJ paid CS and BB $400,000 and the banks collectively paid BB and CS $190,000.00. (*Id.* at 50-51.) RJ and the banks denied all the conduct alleged in the petitions. (*Id.* at 50.) The settlement agreement indicates that the parties intended to settle all claims related to the withdrawals of the bank accounts by Defendant and RJ's representation of Defendant. (*Id.*) All the parties to the settlement agreement expressly reserved their rights to pursue remedies against Defendant. (*Id.*) Defendant was not a party to the settlement agreement.

### III.     Legal Standard

The Mandatory Victims Restitution Act (MVRA) requires mandatory restitution to any person "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *See* 18 U.S.C. §§ 3663A, 3663A(a)(2). The government bears the burden of proving that a person or entity is a victim for purposes of restitution, and of proving "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). Due to "the remedial purposes underlying the MVRA, . . . district courts [have] a degree of flexibility in accounting for a victim's complete losses." *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (citations omitted).

"[R]estitution in a criminal case may only compensate a victim for actual losses caused by the defendant's criminal conduct." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir. 2001) (internal citations omitted). When there is a dispute as to the proper amount of restitution, the MVRA "minimally requires that facts be established by a preponderance of the evidence, and the district court [may] utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy." *Waknine*, 543 F.3d 557 (citations and internal quotations omitted); *see also* 18 U.S.C. § 3664(e).

Although the government usually has the burden of establishing by a preponderance of the evidence that a victim is entitled to receive restitution, a non-party claiming to be a victim can also present evidence to prove its claim for restitution when the Court determines it is appropriate for the third-party to do so. *Gamma Tech Indus., Inc.*, 265 F.3d 924. The Court can also place the

burden on the non-party to demonstrate it is entitled to restitution. *Id.*; *see also* 18 U.S.C. § 3664(e) ("The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.").

**IV.    Discussion**

RJ is a non-party seeking to obtain restitution. It is in the best position to litigate its claims and therefore it is appropriate for it to carry the burden of proving by a preponderance of the evidence that it is entitled to receive restitution. *See United States v. Stratos*, No. 2:11-cr-00537-TLN, 2017 WL 785164, at *5 (E.D. Cal. Feb. 28, 2017) (internal citation omitted) ("[T]he interests of justice are best served by placing the burden on the party most incentivized to litigate these issues vigorously."). For the reasons set forth below, the Court finds RJ has not met its burden of proving it is entitled to restitution.

**A.   RJ has not demonstrated by a preponderance of the evidence that CS and BB received $400,000 in compensation for the "same loss" for which Defendant is guilty.**

Pursuant to 18 U.S.C. § 3664(f), the Court shall order restitution to each victim in the full amount of each victim's loss. However, if a victim receives "compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation." 18 U.S.C. § 3664(j)(1). "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in federal or state civil proceedings. 18 U.S.C. § 3664(j)(2). The Court is required to inquire into all possible sources of compensation to avoid double compensation to the victims. *United States v. Johnston*, 199 F.3d 1015, 1023 (9th Cir. 1999).

RJ argues that it should be named as a substitute payee in the amount of $400,000 for amounts it paid to CS and BB pursuant to a settlement agreement. (ECF No. 42 at 3.) As noted above, RJ (and the banks) is required to furnish evidence in support of its restitution claim. RJ points to the settlement agreement as its proof that CS and BB have already received compensation for the loss caused by Defendant. (*Id.*; ECF No. 46 at 3.) However, in addition to actions taken by

4

Defendant, the settlement agreement also references the release and dismissal of the petitions filed by CS and BB in the Probate Proceedings. (ECF No. 48 at 52.) Although RJ denies any misconduct and the recitals reference only Defendant's actions, (*id.* at 49-50), the Probate Proceeding petitions included claims against RJ for its alleged misconduct in facilitating Defendant's actions as well as RJ's representation of Defendant as special administrator and administrator of the Estate. (*Id.* at 6-47; ECF No. 46 at 5.)

RJ has failed to provide evidence that supports its claim that funds paid pursuant to the settlement were intended to compensate for the "same loss" caused by Defendant's actions. *See United States v. Crawford*, 169 F.3d 590, 593 (9th Cir. 1999) (holding that "[a]bsent any showing that the civil proceeding resulted in compensation for the 'same loss' under § 3664(j)(2)," there is no statutory basis for reducing the restitution order). RJ and the banks have not provided evidence regarding which amounts, if any, were intended to compensate CS and BB for the loss caused by Defendant and which amounts, if any, were intended to compensate CS and BB for the conduct of RJ and the banks. The Court declines to speculate as to the considerations RJ and the banks made in entering the settlement agreement or as to whether they viewed any portion of the settlement amount as compensation for their conduct. Without evidence as to the allocation of liability, RJ cannot receive restitution. *United States v. Speakman*, 594 F.3d 1165, 1174 n.6 (10th Cir. 2010) ("Without knowing the basis for [the non-party's] liability, we cannot conclude that [the victim's] recovery against [the non-party] was compensating for loss caused by [the defendant] rather than loss caused by [the non-party's] own conduct.").

It appears that RJ's insurers provided compensation for RJ's liability to CS and BB, and RJ appears to concede this point. At the restitution hearing, counsel for RJ declined to specify whether a particular amount of the settlement was intended to compensate for the same loss caused by Defendant's actions and instead argued it was entitled to the entire amount it paid pursuant to the settlement agreement because its liability was rooted in Defendant's actions. However, RJ's entire liability may not have been directly tied to Defendant's actions, but rather its own alleged misconduct during and after Defendant's actions. Without more information, the Court cannot

determine whether any of the compensation RJ provided was for the same loss Defendant caused. As such, RJ has not met its burden to prove it is entitled to restitution.

### B. RJ and the banks are not entitled to attorneys' fees because they are not "victims" under the MVRA for defending claims brought by CS and BB.

"A victim for restitution purposes is a person who has suffered a 'loss caused by the specific conduct that is the basis of the offense of conviction.'" *Gamma Tech Indus., Inc.*, 265 F.3d at 927 (citing *Hughey v. United States,* 495 U.S. 411, 413 (1990); *see also United States v. Koenig,* 952 F.2d 267, 275 (9th Cir. 1991) (holding that restitution is limited to those losses "directly resulting" from the defendant's criminal conduct).

RJ argues that it is entitled to receive attorneys' fees and costs because it is a victim under the MVRA and that, as a victim, it may recover its legal costs in defending against claims caused by the Defendant's actions. (ECF No. 42 at 4.) The United States disputes that RJ (and the banks) is a direct victim and characterizes RJ as a tortfeasor ineligible to receive restitution. (ECF No. 43 at 7.) The United States' argument is persuasive. A tortfeasor is not a victim entitled to restitution. *See United States v. Shepard*, 269 F.3d 884, 887 (7th Cir. 2001) (holding that hospital was a tortfeasor for restitution purposes and not entitled to restitution because its negligent behavior magnified the loss defendant was able to inflict on its victims). Here, RJ seeks restitution for defending the claims that CS and BB brought against it. (ECF No. 42 at 4.) As noted above, the petitions in the Probate Proceedings include allegations of negligence and breach of fiduciary duties. RJ cannot claim restitution for attorneys' fees caused by its own alleged tortious conduct. Although RJ disclaimed it was at fault in the settlement agreement, there was no adjudication as to whether it was a tortfeasor. However, Defendant had a prior misdemeanor for fraud/forgery and had previously filed for bankruptcy. (ECF No. 30 at 8, 12) (filed under seal). As such, there is merit to the claim that RJ was able to magnify the harm Defendant caused and therefore is not a victim for the purposes of restitution. *See Shepard*, 269 F.3d 884.

Even if RJ was a victim entitled to attorneys' fees, it must provide proof of the attorneys' fees it seeks. RJ has not done so. *See United States v. Brock-Davis*, 504 F.3d 991, 1002 (9th Cir. 2007) (quoting *United States v. Menza*, 137 F.3d 533, 539 (9th Cir. 1998)) (holding that the party

with the burden "must provide the district court with more than just . . . general invoices . . . ostensibly identifying the amount of their losses"). As such, RJ has failed to meet its burden and cannot obtain restitution for attorneys' fees.

**V.      Conclusion**

For the reasons stated above, the Court denies RJ's request for restitution.

IT IS SO ORDERED.

Dated:   November 14, 2023                                 _____
                                                          UNITED STATES DISTRICT JUDGE